UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IOSIF A. GELASHVILI, | Civil No.  09-cv-1810-L (POR) |
|---|---|
| Petitioner, | **ORDER DIRECTING DOCUMENT TO BE FILED *NUNC PRO TUNC*, DENYING MOTION TO STAY, AND SETTING BRIEFING SCHEDULE** |
| v. | |
| JOHN MARSHALL, Warden, | |
| Respondent. | **[Doc. 13]** |

Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] On October 6, 2009, Respondent filed a Motion to Dismiss the Petition on the sole ground that Petitioner failed to exhaust his claims in state court. [Doc. 10]. Petitioner did not submit an opposition to the motion. Rather, on April 23, 2010, Petitioner filed a Motion to Stay, in which Petitioner represents that (1) in response to the motion to dismiss, Petitioner "proceeded to prepare and articulate a habeas petition in the California Supreme Court;" (2) this state petition was filed on October 19, 2009; and (3) "[P]etitioner is still awaiting a disposition by the California Supreme Court. . . ." [Doc. 13.]

On May 12, 2010, Petitioner submitted a document, which states the California Supreme Court denied the state habeas petition in April 2010. Based thereon, IT IS HEREBY ORDERED:

1. The document is to be filed *nunc pro tunc* to date received and construed as a Notice of Exhaustion of State Judicial Remedies.

2. Petitioner's Motion to Stay is DENIED as MOOT. Accordingly, the motion hearing currently set for July 2, 2010 at 4:00 p.m. is hereby VACATED.

|    |    |    |
|---|---|---|
| 1  | 3. | If Respondent contends the Petition can be decided without the Court's reaching the |
| 2  |    | merits of Petitioner's claims, Respondent shall file a motion to dismiss pursuant to |
| 3  |    | Rule 4 of the Rules Governing § 2254 Cases no later than **June 25, 2010**.  The |
| 4  |    | motion to dismiss shall not address the merits of Petitioner's claims, but rather shall |
| 5  |    | address <u>all</u> grounds upon which Respondent contends dismissal is warranted without |
| 6  |    | reaching the merits of Petitioner's claims.  At the time the motion to dismiss is filed, |
| 7  |    | Respondent shall lodge with the Court all records bearing on Respondent's |
| 8  |    | contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss. |
| 9  | 4. | If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to |
| 10 |    | the motion no later than **July 23, 2010**.  At the time the opposition is filed, Petitioner |
| 11 |    | shall lodge with the Court any records not lodged by Respondent which Petitioner |
| 12 |    | believes may be relevant to the Court's determination of the motion. |
| 13 | 5. | Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's |
| 14 |    | opposition to a motion to dismiss.  If the motion is denied, the Court will afford |
| 15 |    | Respondent adequate time to respond to Petitioner's claims on the merits. |
| 16 | 6. | If Respondent does not contend that the Petition can be decided without the Court |
| 17 |    | reaching the merits of Petitioner's claims, Respondent shall file and serve an answer |
| 18 |    | to the Petition, <u>and a memorandum of points and authorities in support of such</u> |
| 19 |    | <u>answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **July** |
| 20 |    | **16, 2010**.  At the time the answer is filed, Respondent shall lodge with the Court all |
| 21 |    | records bearing on the merits of Petitioner's claims.  The lodgments shall be |
| 22 |    | accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment** |
| 23 |    | **in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." |
| 24 |    | Respondent shall not combine separate pleadings, orders or other items into a |
| 25 |    | combined lodgment entry.  Each item shall be numbered separately and sequentially. |
| 26 | 7. | Petitioner may file a traverse to matters raised in the answer no later than **August 13,** |
| 27 |    | **2010**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies |
| 28 |    | each allegation of fact contained in the answer; (b) shall be limited to facts or |

arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition, or traverse, is due.

9. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

10. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: May 28, 2010

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable M. James Lorenz
All parties